

| | | | |
|---|---|---|---|
| HARRY N. FAULKNER* | MICHAEL A. STAUDT | BRYAN A. NIEMEYER | CRAIG T. ALBERS*** |
| JOHN M. GARMHAUSEN | JAMES L. THIEMAN | JOHN M. DEEDS | CAMERON C. DOWNER |
| RALPH F. KEISTER | THOMAS J. POTTS | JOSHUA A. KOLTAK | COLLEEN R. GONG |
| JAMES R. SHENK** | DANIEL A. BENSMAN | PHILIP M. BORGER | |

\* 1941- 2021
\*\* ALSO ADMITTED IN FLORIDA
\*\*\* CERTIFIED PUBLIC ACCOUNTANT

SENDER'S E-MAIL:  bniemeyer@fgks-law.com

August 15, 2022

**VIA ECF**
Magistrate Judge Gabriel W. Gorenstein

RE:     *Richard Bossuk v. Augusta Sportswear, Inc., et al.*
        Case No. 1:21-cv-08273-VSB

Dear Magistrate Judge Gabriel W. Gorenstein,

Please allow this letter to serve as the discovery dispute letter of Defendants pursuant to Loc.R. 37.2.

## SUMMARY OF THE DISPUTE

**Statement of Facts:** On October 7, 2021, Plaintiff, Richard Bossuk ("Bossuk"), filed his Complaint against the Defendants, Augusta Sportswear, Inc. ("Augusta") and Jason Livermore ("Livermore") (Augusta and Livermore are referred to collectively as the "Defendants"). The Complaint makes claims against the Defendants for violations of the Age Discrimination in Employment Act ("ADEA"), among other claims.

Bossuk was an Augusta sales representative for New York City and surrounding areas. Included in his demand for relief in his complaint is a request for front pay as a result of his termination from Augusta and liquidated damages for Defendants' alleged willful violation of the ADEA. During preparation for trial, both sides have engaged the services of expert witnesses to calculate reasonable projections for lost wages given Bossuk's work history and prospects of future work. Bossuk's expert calculated his income using his W-2s, which only contain his wages received and do not have any information as to any deductions he may have taken to reduce his taxable income. Defendants' expert has asserted that any calculation involving Bossuk's income would not be accurate unless his deductions were also considered. Defendants' expert has requested copies of Bossuk's federal tax returns, as it will give him a clear picture as to Bossuk's actual reported taxable income, which may differ from the income reflected on Bossuk's W-2s. Based on Defendants' expert's experience, Bossuk, as a salesman, is likely to have taken deductions on his income for personal business expenses that would not be reflected on his Form W-2 wage statements. Thus, the tax returns are necessary and relevant for Defendants' expert to accurately evaluate Bossuk's expert's report and to properly calculate potential damages.

Defendants made their request through counsel for the production of the tax return information on May 10, 2022. In response, Bossuk, though his attorney Maimon Kirschenbaum, asserted that such

returns were "presumed undiscoverable" on May 16, 2022. Further correspondence turned the issue from discoverability to relevance, and then finally to Bossuk's contention that he made no deductions for personal business deductions and offer to stipulate to such being the case. Defendants further attempted to resolve the dispute in correspondence on August 8, 2022. Bossuk further refused on August 10, 2022. Defendants made a final attempt to resolve the dispute in correspondence on August 11, 2022, and informed Bossuk they would be requesting the intervention of this Court otherwise. Defendants have not received a response to this final attempt at resolution. Regardless of the justification, Bossuk has continued to refuse to produce the tax returns. Defendants attempted to informally resolve the dispute by providing Bossuk's counsel with legal authority supporting their position regarding the relevancy of Bossuk's tax returns and offering to limit the review of the tax returns to Defendants' counsel and experts. Bossuk, however, has continued in his refusal to produce the relevant returns.

## **BRIEF ARGUMENT**

Parties may discover any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed.Civ.R. 26(b)(1). There is no privilege attached to tax returns in the possession of the taxpayer. *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218-19 (1961). While courts are understandably cautious in ordering the disclosure of tax returns, they will freely do so when required. A party seeking the disclosure of tax returns must show 1) the returns are relevant to the subject matter of the cause of action and 2) there is a compelling need because the information cannot be obtained elsewhere. *Smith v Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979). Returns are especially relevant where the litigant opposing the production of the returns has put their income at issue. *Kingsley v. Delaware*, *L & W R Co,* 20 F.R.D. 156, 158 (S.D.N.Y. 1957). ( "...where a litigant himself tenders an issue as to the amount of his income, there is no privilege against the disclosure of his tax returns and he can be directed to obtain them from the Government if he does not himself have copies.").

As to the second prong, courts in the Second Circuit are split as to which party bears the burden of showing the availability of an alternative to the disclosure of the documents, but some more recent cases have suggested that the party resisting disclosure bears the burden of showing that otherwise relevant tax return information can be found somewhere else. *S.E.C. v Garber,* 990 F. Supp. 2d. 462, 466 (S.D.N.Y. 2014). ("Because [the resisting party] is the originator of tax returns, it is generally in a better position to suggest alternative sources for the information they contain."). Regardless of which party bears the burden, requests for the production of otherwise relevant tax returns will not be denied if there is no other alternative to provide the requesting party with the information. *Id.*

Here, the tax returns of Bossuk are certainly relevant. He is seeking, *inter alia,* front pay for his lost future compensation. In order to properly calculate any potential recovery of front pay damages, it is necessary to have an accurate picture of what Bossuk's income was prior to his termination. In seeking front pay damages, he has necessarily put his income at issue, making his tax returns not only discoverable, but vital to any calculation that would accurately reflect his income. As such, the information is clearly relevant to the cause of action. As to the second prong, there is no reasonable

Magistrate Judge Gabriel W. Gorenstein
August 15, 2022
Page 3 of 3

alternative to the disclosure of the tax returns. Bossuk's proposed alternatives, the use of W-2s, which do not contain deduction information, or a stipulation that he did not take any deductions, are not viable alternatives. Given the accusations made in his complaint, his statements made during his deposition, and other representations he has made, Defendants are not inclined to trust the veracity of any stipulation Bossuk would make, nor are they are required to do so. Given the nature of deductions from income on a tax return, the only way Defendants can accurately see what deductions, if any, Bossuk took that could have impacted his income is to review the actual returns filed.

## REQUEST FROM THE COURT

For the reasons stated above, Defendants request that this Court rule that Bossuk must produce his federal income tax returns from the year 2017 to present. In addition, Defendants request that their timeline to produce their export rebuttal report be tolled during the pendency of this discovery dispute as Defendants' expert needs the tax returns to draft his report.

Very truly yours,

*/s/ Bryan A. Niemeyer*

Bryan A. Niemeyer


cc:     Augusta & Livermore (via email)
        D. Maimon Kirschenbaum (via email)
        Leah Seliger (via email)