Bryan A. Niemeyer
Cameron C. Downer
FAULKNER, GARMHAUSEN, KEISTER & SHENK
A Legal Professional Association
Courtview Center-Suite 300
100 S. Main Avenue
Sidney, Ohio 45365
Telephone: (937) 492-1271
Facsimile: (937) 498-1306
*Attorneys for Defendants, Augusta Sportswear, Inc.*
*and Jason Livermore, Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
– – – – – – – – – – – – – – – – – – – – – – – – – – – –X
                                 :
   RICHARD BOSSUK,                    :
                                 :    Case No.  1:21-cv-8273-DLC
               Plaintiff,      :
                                 :
   -against-                       :
                                 :
   AUGUSTA SPORTSWEAR, INC., *et al.*   :
                                 :
              Defendants.     :
– – – – – – – – – – – – – – – – – – – – – – – – – – – –X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION**
**TO TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR**
**<u>SOUTHERN DISTRICT OF GEORGIA OR THE MIDDLE DISTRICT OF FLORIDA</u>**

## TABLE OF CONTENTS

Page #

TABLE OF CONTENTS ............................................................................................ i

TABLE OF AUTHORITIES .................................................................................... ii

PRELIMINARY STATEMENT ............................................................................... 1

ARGUMENT ............................................................................................................. 1

I.      FOR THE CONVENIENCE OF PARTIES AND IN THE INTEREST OF JUSTICE, THIS COURT
        SHOULD TRANSFER THE ACTION TO THE SOUTHERN DISTRICT OF GEORGIA OR THE
        MIDDLE DISTRICT OF FLORIDA ............................................................... 1

        A.    Bossuk's Choice of Forum is Not Entitled to Great Weight ........................ 2

        B.    The Convenience of the Witnesses Favors Transfer .................................. 3

        C.    The Convenience of the Parties Weighs in Favor of Transfer .................... 5

        D.    Location of Operative Facts Weighs in Favor of Transfer ........................ 6

        E.    The Interest of Justice would be Served by Transferring this Case ............ 9

II.     CONCLUSION ..................................................................................... 10

## TABLE OF AUTHORITIES

CASES                                                                                    PAGE #

*Andrews v. A.C. Roman & Associates, Inc.*,
    914 F. Supp. 2d 230 (N.D.N.Y. 2012) ................................................................. 7

*Babbidge v. Apex Oil Co.*,
    676 F. Supp. 517 (S.D.N.Y. 1987) ...................................................................... 9

*Boreal Laser Inc. v. Coherent, Inc.*,
    No. 91-civ-5863 (MBM), 1992 WL 9375 (S.D.N.Y. Jan. 13, 1992) ....................................... 3

*Capmark Financial Group Inc. v. Goldman Sachs Credit Partners L.P.*,
    2012 WL 698134 (S.D.N.Y. March 5, 2012) .................................................... 2, 3

*Coker v. Bank of Am.*,
    984 F. Supp. 757 (S.D.N.Y. 1997) ...................................................................... 5

*CYI, Inc. v. Ja-Ru, Inc.*,
    913 F. Supp. 2d 16 (S.D.N.Y. 2012) ................................................................... 6

*Elec. Workers Pension Fund, Local 103 v. Nuvelo, Inc.*,
    No. 07-cv-975, 2007 WL 2068107 (S.D.N.Y. July 20, 2007)........................................... 4

*ESPN, Inc. v. Quiksilver, Inc.*,
    581 F. Supp. 2d 542 (S.D.N.Y. 2008) ................................................................. 3

*Essex Crane Rental Corp. v. Vic Kirsch Const. Co.*,
    486 F. Supp. 529 (S.D.N.Y. 1980) ................................................................. 3, 9

*General State Authority v. Aetna Cas. & Sur. Co.*,
    314 F. Supp. 422 (S.D.N.Y. 1970) ...................................................................... 9

*Haber v. ASN 50th St., LLC*,
    No. 10-cv-3536, 2011 U.S. Dist. LEXIS 33651 (S.D.N.Y. Mar. 30, 2011)............................. 9

*Hale v. Iancu*,
    No. 19-cv-1963, 2021 WL 9405460 (D. Conn. Feb 23, 2021)........................................... 8

*Hall v. South Orange*,
    89 F. Supp. 2d 488 (S.D.N.Y. 2000) ................................................................. 2

*Herbert Ltd. Partnership v. Electronic Arts Inc.*,
    325 F. Supp. 2d 282 (S.D.N.Y. 2004) ................................................................. 5

*Iragorri v. United Techs Corp.*,
   274 F.3d 65 (2d Cir. 2001) ................................................................................................ 2

*Jones v. United States*,
   No. 02CV1017(JG), 2002 WL 2003191 (E.D.N.Y. Aug. 26, 2002) ........................................ 4

*Jones v. Walgreen Co.*,
   463 F. Supp. 2d 267 (D. Conn. 2006) .................................................................................. 8

*King v. Aramark Services, Inc.*,
   No. 1:19CV77, 2019 WL 342883 (W.D.N.Y. July 30, 2019) .............................................. 6, 7

*Lapushner v. Admedus Ltd.*,
   No. 18-cv-11530 (ALC), 2020 WL 777332 (S.D.N.Y. Feb. 14, 2020) ................................. 7, 8

*Lencco Racing Co. v. Arctco, Inc.*,
   953 F. Supp. 69 (W.D.N.Y. 1997) ....................................................................................... 3

*Mears v. Montgomery*,
   No. 02-cv-407, 2004 WL 964093 (S.D.N.Y. May 5, 2004) .................................................. 9

*Mola, Inc. v. Kacey Enters., LLC*,
   No. 10-cv-1045S, 2011 WL 3667505 (W.D.N.Y. Aug. 21, 2011) ......................................... 6

*Nabisco, Inc.*, No. 00CIV5875(AGS),
   2000 WL 1677935 (S.D.N.Y. Nov. 8, 2000) ........................................................................ 2

*Passantino v. Johnson & Johnson Consumer Prod., Inc.*,
   212 F.3d 499 (9th Cir. 2000) ............................................................................................. 8

*Price v. Stossel*,
   No. 07-cv-11364, 2008 WL 2434137 (S.D.N.Y. June 4, 2004) ............................................ 4

*Price Waterhouse LLP v. First American Corp.*,
   182 F.R.D. 56 (S.D.N.Y.1998) ............................................................................................ 5

*Raines v. Switch Mfg. Corp.*,
   No. 96-civ-2361 (JFK), 1996 WL 413720 (S.D.N.Y. July 24, 1996) ..................................... 3

*Rossi v. Ferring Pharms.*,
   No. 15-cv-1367, 2016 WL 593440 (D. Conn. Feb. 12, 2016) .............................................. 4

*St. Paul Fire and Marine Ins. Co. v. Royal Ins. Co. of America*,
   No. 91-civ-6151, 1993 WL 267347 (S.D.N.Y. July 12, 1993) .............................................. 5

*Starr Indem.  Liab. Co.*,
   324 F. Supp. 3d 421 (S.D.N.Y. 2018) ........................................................................ 9

*Sylvestre v. Oswald*,
   No. 91-cv-5060, 1993 U.S. Dist. LEXIS 14607 (S.D.N.Y. Oct. 19, 1993) .............................. 9

*Tillery v. NYS Office of Alcoholism and Substance Abuse Services*,
   No. 13CIV0035(CM), 2013 WL 6405326 (S.D.N.Y. Dec. 5, 2013) ...................................... 7

*Wiley v. Paulson*,
   No. 06-cv-172, 2007 WL 9718901 (E.D.N.Y. July 23, 2007) ................................................ 8

STATUTES

28 U.S.C. § 1404 ............................................................................................................ 2, 10

RULES

Fed. R. Civ. P. 45 ............................................................................................................. 5

## PRELIMINARY STATEMENT

In his Opposition Memorandum (the "Response"), Plaintiff Richard Bossuk ("Bossuk") argues that the convenience of the parties and witnesses is served by overruling the Motion to Transfer Case of Defendants, Augusta Sportswear, Inc. ("Augusta") and Jason Livermore ("Livermore"). While these arguments are addressed below, it is important to consider: (1) at no time did Bossuk reside in the Southern District of New York ("SDNY" or this "District")[1]; (2) Bossuk's sales territory was not exclusive to this District; (3) he no longer lives in New York; (4) not one of the 15 anticipated witnesses[2] live in New York; (5) the alleged acts of discrimination did not occur in New York; (6) any alleged systematic termination of older workers did not occur in New York; (7) the majority of the witnesses reside in Georgia or Florida; and (8) no trial date has been set.

Not only do the facts weigh in favor of transfer, but so too does the law. A review of analogous cases from this District and other districts within the Second Circuit makes clear that transfer is warranted. Therefore, the Motion to Transfer Case (the "Motion") should be granted.

## ARGUMENT

I. **FOR THE CONVENIENCE OF PARTIES AND IN THE INTEREST OF JUSTICE, THIS COURT SHOULD TRANSFER THE ACTION TO THE SOUTHERN DISTRICT OF GEORGIA ("SDGA") OR THE MIDDLE DISTRICT OF FLORIDA ("MDFL")**

28 U.S.C. § 1404(a) is a two-part test. The first test is whether the case could have been brought in the transferee district. Bossuk does not dispute this prong of the test. Thus, the only prong in dispute is whether the transfer is in the interest of justice and convenience of the parties and witnesses. The factors of Bossuk's choice of forum, convenience to witnesses and parties, the

---

[1] Other judicial districts will also be referenced via acronym in this Reply.
[2] Bossuk, Livermore, Derek Ernst ("Ernst"), Julia Manning ("Manning"), David Elliott ("Elliott"), Teresa Becker ("Becker"), Amanda Pritchett ("Pritchett"), Robert Iorio ("Iorio"), Elicia Riley-Dorn ("Riley Dorn"), Caroline Carrier ("Carrier"), Paul McDonnell ("McDonnell"), Duncan Price ("Price"), Patricia Ward ("Ward"), Arthur Prioletti ("Prioletti") or Timothy Nixon ("Nixon").

locus of operative facts, and the interest of justice are addressed in this Reply. As shown below, the overall factors weigh heavily in favor of transfer.

### A.  Bossuk's Choice of Forum is Not Entitled to Great Weight

Bossuk asserts that his choice of forum should be given great weight. He argues that his sales territory included this District, a substantial portion of customers were located in this District, and he visited customers in this District. Bossuk does not address, however, the fact that all these arguments also applies to his *home district*, the EDNY. There is no reason Bossuk can offer for filing in this District which does not also apply to the EDNY.

The fact that the SDNY was not his home district is significant: "[w]here the forum is not the plaintiff's home district, . . . the plaintiff's choice of forum is given less deference. **This is true even when the plaintiff's home district is adjacent to the forum**." *Nabisco, Inc.*, No. 00CIV5875(AGS), 2000 WL 1677935, at *4 (S.D.N.Y. Nov. 8, 2000) (emphasis added), citing *Hall v. South Orange*, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) (a plaintiff from Brooklyn, New York, was given little deference as to his choice of SDNY). And when a plaintiff chooses a non-home district for tactical advantage, the plaintiff is afforded **little to no deference**. *Capmark Financial Group Inc. v. Goldman Sachs Credit Partners L.P.*, 2012 WL 698134, at *11 (S.D.N.Y. March 5, 2012), citing *Iragorri v. United Techs Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Bossuk resided in the EDNY when he filed suit. He now resides in Florida, first in Boca Raton and now in Hallendale. His sales territory covered this District, the EDNY, and others. Bossuk chose to file in this District. While Bossuk provided reasons why venue was also appropriate in this District, he has done nothing to explain why he chose it over his home district. This is because he was forum shopping.

2

The law is clear: Bossuk's choice of district "is given less deference" as it is not his home district. *See Nabisco, Inc.*, at \*4. Even further, as Bossuk has not offered any reasons why he chose this District over his home district, presumably because it was for a tactical advantage, the law provides it is "afforded little to no deference." *See Capmark Financial Group Inc.*, at \*11.

### B.  The Convenience of the Witnesses Favors Transfer

Despite not a single witness living in New York, Bossuk claims this factor does not strongly favor the SDGA as just two witnesses reside within it, Becker and Riley-Dorn. This is false: Bossuk forgot his sole witness in opposition to summary judgment, Ward, who also lives in the SDGA. *See* Ward Decl. (Augusta, GA signature). Similarly, Bossuk claims that this factor does not weigh in favor of the MDFL as only Livermore and McDonnell live within the MDFL. Lastly, Bossuk claims that the close proximity of the other witnesses to those districts should be disregarded. (*Response*, pp. 11-17). Bossuk's assertions are misleading.

<u>The Second Circuit Considers the Convenience of Witnesses Outside the Judicial District</u>: Despite Bossuk's assertions to the contrary, Second Circuit courts routinely consider the convenience of witnesses outside the proposed transferee district:

- ***ESPN, Inc. v. Quiksilver, Inc.,*** 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008) (finding transfer would be more convenient for witnesses that lived in California, the proposed transferee district, but also for witnesses that lived in Hawaii);

- ***Raines v. Switch Mfg. Corp.,*** No. 9-civ-2361 (JFK), 1996 WL 413720, at \*3 (S.D.N.Y. July 24, 1996) (finding transfer to California was appropriate upon finding that defendant's employees and offices were spread across the Western U.S. and not in New York);

- ***Lencco Racing Co. v. Arctco, Inc.,*** 953 F. Supp. 69, 72 (W.D.N.Y. 1997) (transfer to WDMI was appropriate when majority of defense witnesses were in Michigan and Minnesota and plaintiff only identified himself as a witness in New York);

- ***Boreal Laser Inc. v. Coherent, Inc.,*** No. 91-civ-5863 (MBM), 1992 WL 9375, at \*2 (S.D.N.Y. Jan. 13, 1992) (Considering the fact that witnesses in Tucson, Arizona, and Edmonton, Canada, are much closer to the NDCA than the SDNY).

- ***Essex Crane Rental Corp. v. Vic Kirsch Const. Co.***, 486 F. Supp. 529, 538 (S.D.N.Y. 1980) (it would "exalt plaintiff's choice of forum beyond all reason" to remain in the SDNY when defendants resided in Hammond, Indiana, and witnesses in Manitowoc, Wisconsin, which are within a few hours' drive of each other).

Bossuk's contention that courts "routinely disregard the convenience of witnesses who do not live in either the transferee or transferor District" is untrue. (Response, p. 11). Even if it was true, *not one witness resides in this District*. Regardless, the cases Bossuk cites in support of his misleading assertion are distinguishable in material aspects.[3]

The Analogous *Jones* Case Supports Transfer: The EDNY in *Jones* analyzed the convenience of witnesses concentrated in the South to support transfer of a case to Georgia. *Jones v. United States*, No. 02CV1017(JG), 2002 WL 2003191, at *2 (E.D.N.Y. Aug. 26, 2002). In *Jones*, the court discussed the following:

> The conveniences of the witnesses is another matter. The government has identified ten party or non-party witnesses whom it believes it may need to call at trial. **Nine of these witnesses reside in Georgia, or in the adjacent states of Alabama or Florida. These witnesses would be greatly inconvenienced by having to travel to New York to testify.**

*Jones*, at *2 (emphasis added).

Like *Jones*, there are nine witnesses in the case at bar who live in either Georgia or Florida.[4] If this Court considers South Carolina, which borders Georgia, then there is a total of ten witnesses.[5] And unlike in *Jones* where the plaintiff resided in New York, Bossuk, too, is located in Florida. The facts in the case make this factor weigh even heavier in favor of transfer.

---

[3] *Elec. Workers Pension Fund, Local 103 v. Nuvelo, Inc.*, No. 07-cv-975, 2007 WL 2068107, at *4 (S.D.N.Y. July 20, 2007) (the cited discussion was *in support of transfer*, not against, and plaintiff failed to provide the materiality of the prospective witnesses who resided in Pittsburgh, PA, West Haven, CT, and Washington, D.C.); *Price v. Stossel*, No. 07-cv-11364, 2008 WL 2434137 (S.D.N.Y. June 4, 2004) (in a footnote, discussing that defendant did not provide evidence why the three witnesses would be able to provide competent, relevant testimony and that they would need to travel regardless of transfer); *Rossi v. Ferring Pharms.*, No. 15-cv-1367, 2016 WL 593440 (D. Conn. Feb. 12, 2016) (the focus of the court's analysis was defendant's failure to submit affidavits describing the substance of the proposed witnesses' testimony via affidavit, not their location outside the district).
[4] Bossuk; Livermore; Ernst; Becker; Pritchett; Riley-Dorn; Elliott; Ward; and McDonnell.
[5] Iorio lives in Greenville, South Carolina, only two hours from Augusta, Georgia.

4

Convenience to Non-Party Witnesses: "The convenience of non-party witnesses generally carries more weight than the convenience of party witnesses." *Herbert Ltd. Partnership v. Electronic Arts Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004). "Several courts have interpreted [Fed. R. Civ. P. 45] to mean that non-officer employees of a party are not considered to be parties but instead as non-party witnesses." *Id*. at 290, citing *Price Waterhouse LLP v. First American Corp.,* 182 F.R.D. 56, 62 n. 4 (S.D.N.Y.1998); *St. Paul Fire and Marine Ins. Co. v. Royal Ins. Co. of America,* No. 91-civ-6151, 1993 WL 267347, at *1 (S.D.N.Y. July 12, 1993).

Ward is a non-party witness residing in Augusta, Georgia, within the SDGA. Becker and Riley-Dorn are not officers of Augusta and also reside within the SDGA. They will testify to Bossuk's bullying and intimidation of costumer services representatives and others. The factor strongly favors the SDGA as three non-party witnesses reside within it. Similarly, McDonnell is a non-officer of Augusta who lives within the MDFL. He will rebut Bossuk's claims arising from the Atlantic City trade show. In contrast, not one witness (party or non-party) resides in New York.

Existence of Airports is Insignificant: Bossuk contends that the physical distance to New York is irrelevant due to air travel. (Response, p. 13). New York's air transportation options, however, are irrelevant in determining whether it is a proper forum. *See Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) (stating that if federal courts were to accept the argument that the existence of New York flights and airports make it convenient to witnesses, New York would be the default choice for foreign litigants regardless of case specifics). Thus, Bossuk's attempt to make this District a convenient forum for witnesses that live in other parts of the country simply because New York has multiple airports has no merit.

### C.  The Convenience of the Parties Weighs in Favor of Transfer

Bossuk argues that this factor weighs *against transfer* because he has family in New York. While that is convenient for Bossuk, the same cannot be said for Livermore, Ernst, Iorio, Elliott,

or any other Augusta employees. Rather, the SDGA would be more convenient as eight witnesses are current employees of Augusta and either live in it, close to it, or routinely travel there. The MDFL would also be convenient, as Bossuk, Livermore, Ernst, and Elliott live in Florida.

This factor weighs heavily in favor of transfer. Not a single party lives in New York and, even when Bossuk did live in New York, he did not live in this District.

### D.  Location of Operative Facts Weighs in Favor of Transfer

Bossuk argues that this factor either weighs against transfer or is neutral. He is mistaken.

Bossuk's Sales Do Not Determine the Locus of Facts: Bossuk argues that he was employed in New York and that his territory included this District (among others) to support his position that the locus of operative facts is in the SDNY. (*See* Response, p. 15). Bossuk, however, was employed out of the EDNY, not the SDNY, because he resided in the EDNY. Further, in the few cases that discuss the location of sales (albeit in the intellectual property context), the courts concluded that, when a party's products are sold in several states, sales alone are insufficient to establish a material connection to the forum. *Mola, Inc. v. Kacey Enters., LLC*, No. 10-cv-1045S, 2011 WL 3667505, at *9 (W.D.N.Y. Aug. 21, 2011) (citations omitted); see also *CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d 16, 20-1 (S.D.N.Y. 2012) (concluding "that those cases holding that the initially chosen forum is the locus of operative facts if there have been sales in that district, notwithstanding sales outside the district, are not persuasive.").

The Locus is Where the Discriminatory Acts Occurred: Bossuk diminishes the importance of the location where the allegedly discriminatory acts occurred: the SDGA and the MDFL. In analogous cases, courts determined the locus to be where the allegedly discriminatory acts occurred:

***King v. Aramark Services, Inc.***, No. 1:19CV77, 2019 WL 342883 (W.D.N.Y. July 30, 2019). In *King*, the plaintiff alleged that her supervisor harassed her because of her sex, created a

hostile work environment, discriminated against her because of sex, and retaliated against her. *Id*. at *2. The supervisor worked in Virginia and the defendant moved to transfer to the WDVA. *Id*. at *1. In discussing the locus of operative facts, the court acknowledged that plaintiff suffered effects of discrimination at her home in the WDNY; however, the supervisor's "alleged conduct in Virginia suggests that the principal locus of operative facts is [WDVA]." *Id*. at *11. None of the alleged discriminatory conduct on which Bossuk's claims are based occurred in this District, but rather occurred either in the SDGA or the MDFL.

*Tillery v. NYS Office of Alcoholism and Substance Abuse Services*, No. 13CIV0035(CM), 2013 WL 6405326 (S.D.N.Y. Dec. 5, 2013). In *Tillery*, the plaintiff filed her discrimination, retaliation, and NYSHRL claims in the SDNY where she lived. *Id*. at *1. The plaintiff's work entailed inspecting facilities in Dutchess, Orange, Putnam, Rockland, Sullivan, Ulster, and Westchester counties in New York. *Id*. Other than Ulster county, her inspections occurred in the SDNY. *Id*. Plaintiff's claims related to conduct involving two supervisors located in the NDNY. *Id*. at *5. In discussing the locus of operative facts, the Court found the following:

> The next factor, the locus of operative facts, also supports transfer, as all the events relating to the alleged discrimination occurred in Albany. * * * Plaintiff argues that the alleged discrimination and retaliation she suffered affected her in the Southern District of New York; however, because her supervisors were located in Albany, the discriminatory acts occurred in Albany. The conduct that Plaintiff specifically alleges was discriminatory or retaliatory occurred in Albany.

*Id*. at *5. The same can be said in the instant action, as none of the alleged discriminatory conduct occurred in the SDNY, nor did the alleged discriminatory acts occur in the SDNY.

*Andrews v. A.C. Roman & Associates, Inc.*, 914 F. Supp. 2d 230 (N.D.N.Y. 2012). The plaintiff filed employment law claims in the NDNY where he lived and worked. *Id*. at 240-1. The court, however, found that the locus of operative facts occurred in the EDNY where the allegedly discriminatory and retaliatory decisions originated, including the disciplinary phone calls and the

phone call terminated his employment. *Id*.

*Lapushner v. Admedus Ltd.*, No. 18-cv-11530 (ALC), 2020 WL 777332, at *5 (S.D.N.Y. Feb. 14, 2020). In *Lapushner*, a plaintiff who lived in New York and primarily worked in New York made claims of sexual harassment stemming from a corporate dinner in Minnesota, where her company was based, and for retaliation related to her termination after she reported the conduct. *Id.* In finding that the factor weighed in favor of transfer, this Court discussed:

> Plaintiff argues that the effects of the retaliation by [defendant] were felt by Plaintiff in New York, since she was primarily working in New York and was terminated from her employment there. * * * Although the impact of the alleged discrimination was partly felt in New York, most of the events from which Plaintiff's discrimination and harassment claims arise—including the dinner meetings at which she was harassed, travel reimbursements decisions, e-mails, and the decision to terminate her—originated or were made in the District of Minnesota. Thus, this factor weighs in favor of Defendants.

*Id*.

Bossuk's claim that "courts generally hold that the locus of operative facts is where the plaintiff was employed and felt the effects of the adverse employment action" is false. (Response, p. 15). The cases he cites are distinguishable. *See Wiley v. Paulson*, No. 06-cv-172, 2007 WL 9718901 (E.D.N.Y. July 23, 2007) (New Jersey defendants only lived twelve miles from the EDNY courthouse); *Hale v. Iancu*, No. 19-cv-1963, 2021 WL 9405460 at *9 (D. Conn. Feb 23, 2021) (this case is uncited and the analysis relied on a treatise and the non-binding Ninth Circuit decision of *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 499 (9th Cir. 2000)).

The *Jones v. Walgreen Co. Decision*: Bossuk tries to distinguish *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267 (D. Conn. 2006), which found that the locus of operative facts is a company's headquarters when the alleged discrimination is coordinated from corporate headquarters. Per *Jones*, any alleged systematic discrimination of older employees by Defendants would have occurred in the SDGA where Augusta is headquartered. The "[c]ourts" that Bossuk claims limit

the *Jones* decision to class action lawsuits is the lone *Hale* decision from the District of Connecticut. *See Hale*, 2021 WL 9405460. *Jones* applies and favors transfer.

### E.  The Interest of Justice would be Served by Transferring this Case

Bossuk insists that the Motion was filed too late to be considered. His legal support is easily distinguished. *See e.g., Starr Indem. Liab. Co.*, 324 F. Supp. 3d 421, 441-2 (S.D.N.Y. 2018) (defendant waited **four years** before moving to transfer); *Mears v. Montgomery*, No. 02-cv-407, 2004 WL 964093 at \*10 (S.D.N.Y. May 5, 2004) (case was on the **brink of trial**, the parties had submitted their joint pretrial order, and defendants had already engaged in litigation in their choice forum via a parallel action which included *ex parte* requests for injunctive relief); *Sylvestre v. Oswald*, No. 91-cv-5060, 1993 U.S. Dist. LEXIS 14607, at \*3-4 (S.D.N.Y. Oct. 19, 1993) (case had been pending for two years and the **trial was to start in three weeks**); *Haber v. ASN 50th St., LLC*, No. 10-cv-3536, 2011 U.S. Dist. LEXIS 33651 at \*4 (S.D.N.Y. Mar. 30, 2011) (all other factors stacked against transfer of venue, pro se plaintiff attempted to transfer case to non-existent "North District of New Jersey," and all defendants resided in the district) (emphasis added).

Regardless, "it is clear that there is no per se rule prohibiting a change of venue merely because a motion to transfer is filed some time after suit is commenced and some progress is made on the pre-trial phase of the case." *Essex Crane Rental Corp. v. Vic Kirsch Const. Co.*, 486 F. Supp. 529, 535 (S.D.N.Y. 1980). A delay in bringing a motion to transfer venue will not be given great weight if there is no proof of undue hardship. *Id.*; *see also General State Authority v. Aetna Cas. & Sur. Co.,* 314 F. Supp. 422, 424 (S.D.N.Y. 1970) ("Plaintiff's claim that defendant is guilty of laches in bringing this motion eleven months after pre-trial procedures were completed fails for the reason that… plaintiff has made no showing of prejudice to itself resulting from the delay.").

Bossuk has neither made a claim of undue hardship nor prejudice that may result from a delay. Under *Essex Crane Rental Corp.*, this fact alone prevents any weight from being given to

this factor. In addition, waiting until the close of discovery does not give great weight to this factor. *See Babbidge v. Apex Oil Co.,* 676 F. Supp. 517, 522 (S.D.N.Y. 1987) (motion filed near the end of discovery was not so delayed as to warrant consideration in deciding whether to transfer.).

The facts that Bossuk conveniently ignores include (1) *no trial date has been set*, (2) a new judge was assigned less than three months prior to Defendants raised improper venue via motion,[6] (3) Bossuk took the deposition of Dr. Growick on November 11, 2022, *after* Defendants raised improper venue, and (4) the parties participated in a settlement conference on September 29, 2022, approximately one month before Defendants raised improper venue via motion. Defendants were not dilatory in challenging venue after the September 29, 2022, settlement conference failed, as it was reasonable for Defendants to attempt settlement before occurring additional expense moving to transfer the case.

## II.   CONCLUSION

For the forgoing reasons, the Defendants respectfully request that this case be transferred to the Southern District of Georgia or the Middle District of Florida.

Dated: Sidney, Ohio           Respectfully submitted,
       January 20, 2023

                              **FAULKNER, GARMHAUSEN, KEISTER & SHENK**

                              By: */s/ Bryan A. Niemeyer*
                                  Bryan A. Niemeyer
                                  Cameron C. Downer
                                  Courtview Center - Suite 300
                                  100 S. Main Avenue
                                  Sidney, Ohio  45365
                                  Telephone:  (937) 492-1271
                                  Facsimile:  (937) 498-1306
                                  bniemeyer@fgks-law.com
                                  cdowner@fgks-law.com
                                  *Attorneys for Defendants, Augusta Sportswear, Inc.*
                                  *and Jason Livermore, Admitted Pro Hac Vice*

---

[6] Defendants filed a motion to dismiss for improper venue on November 4, 2022, which was denied on procedural grounds on November 8, 2022. The Motion to Transfer under 28 U.S.C. §1404(a) followed on December 7, 2022.